Mr. Justice MacArthur
delivered the opinion of the court:
The only question upon which we think the decision of this case must turn is, whether Mrs. Moore at the time of her death had been in possession of the disputed premises, claiming to own the same in her own right for such a length of time as would bar the right of the plaintiffs. In this inquiry we are of opinion that whether her first husband, Thady Hogan, had ever been naturalized is a matter of no consequence. *137 Her possession was not affected by that consideration, and as a citizen by birth she was capable of acquiring an interest in the premises by any of the methods known to our laws. It appears that she had been in the possession of this property for a period of forty years from the death of her first husband to the time of her own, claiming to own it, and renting and using it under a claim that she owned it. Ordinarily these circumstances would afford, as a matter of law, a presumption in favor of a title acquired by adverse possession. To rebut this presumption it is argued that her possession was in subordination to the title of the heirs of her former husband, Thady Hogan, and in privity with them, and that before she could change this into an adverse possession it was necessary that she should bring home to them an open and explicit disclaimer of holding for them, and an assertion of title in herself. This is a statement of the law which prevents a tenant in common, or other person standing in afiduciary relation to the property, from taking possession for himself alone, without explicit notice to the other parties whose interests maybe affected b'y this exclusive assertion of right. And yet it is equally well established that adverse possession commences, and the statute begins to run, from the time such possession becomes open, continued, and notorious. The law will infer from such evidence, even, that the legal owner has been informed of the nature of the possession, and if he does not seek to enforce his remedy within the time fixed by the statute, he is barred. So also a notice of disclaimer may be inferred from the extended lapse of time, combined with other circumstances, against heirs and co-tenants. (Zetler vs. Eckert, 4 How., 295.) Now, what are the facts here? Mrs. Moore occupied and controlled the premises for a period of forty years under a claim of ownership. That the character of her possession was understood is fully established by the fact that as far back as 1842 a common-law action of ejectment was instituted for these identical premises, in which the father and the grantors of the plaintiffs were described as the lessors of the fictitious plaintiff therein, and which was resisted and defeated by the widow and her then husband, James Moore. The present action is brought after the lapse of thirty years from the commencement of the former litigation, and whether *138 binding or not upon the present parties, as a final adjudication, those under whom they claim were certainly informed that she disavowed holding in any subordinate character or fiduciary relation to them. Whether the possession of the widow was originally subordinate to the title of the heirs, it is clearly evident that they had then notice that she held adversely to them, and for herself alone. The statute was then, if not sooner, put in motion, and has never ceased to run since. We are satisfied that the court below was right in saying to the jury that if they believed this evidence they must find for the defendant.
Judgment affirmed.